THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Antwan Wade, Appellant.
 
 
 
 
 

Appeal from York County
Lee S. Alford, Circuit Court Judge

Unpublished Opinion No. 2010-UP-041
 Submitted January 4, 2010  Filed January
26, 2010    

APPEAL DISMISSED

 
 
 
 Appellant Defender Elizabeth A. Franklin-Best,
 South Carolina Commission on Indigent Defense, of Columbia, for Appellant. 
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, Senior Assistant Attorney General Norman Mark Rapoport, all of
 Columbia, and Solicitor Kevin Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Antwan Wade appeals his conviction for
 cocaine distribution, arguing that the prosecution improperly bolstered the
 testimony of one of the State's witnesses during redirect examination.  We
 affirm pursuant to Rule 220(b), SCACR, and the following authorities:  State
 v. Goodwin, 384 S.C. 588, 603, 683 S.E.2d 500, 508 (Ct. App. 2009) ("In
 order for an issue to be preserved for appellate review, it must have been
 raised to and ruled upon by the trial court."); State v. Hoffman,
 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous
 objection is required to properly preserve an error for appellate review."); State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("An
 issue that was not preserved for review should not be addressed by the Court of
 Appeals . . ."); State v. Stroman, 281 S.C. 508, 513, 316 S.E.2d
 395, 399 (1984) (Where one party introduces evidence as to a particular fact
 or transaction, the other party is entitled to introduce evidence in
 explanation or rebuttal thereof, even though [the] latter evidence would be
 incompetent or irrelevant had it been offered initially.); State v. White,
 361 S.C. 407, 415-16, 605 S.E.2d 540, 544 (2004) (holding that a party who
 opens the door to evidence cannot complain of its admission).[1]  
AFFIRMED.
HUFF, A.C.J.,
 GEATHERS, J., and CURETON, A.J., concur. 

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.